# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BUTTE DIVISION

| | |
|---|---|
| Northern Rockies Regional Center, LLC<br><br>*Plaintiff,*<br><br><br>vs.<br><br><br>UNITED STATES CITIZENSHIP & IMMIGRATION SERVICES (USCIS);<br><br>Joseph EDLOW, in his Official Capacity, Director, USCIS; and,<br><br>Alissa EMMEL, in her Official Capacity, Chief, Immigrant Investor Program Office<br><br>*Defendants.* | Case No.: <u>CV-25-82-BU-JTJ</u><br><br>**COMPLAINT FOR MANDAMUS AND DECLARATORY JUDGMENT** |

## INTRODUCTION

Plaintiff, Northern Rockies Regional Center, LLC ("Northern Rockies RC" or "Plaintiff"), by and through undersigned counsel, complains of the Defendants, United States and Citizenship Services ("USCIS"); Joseph EDLOW, in his Official Capacity, Director, USCIS; and, Alissa EMMEL, in her Official Capacity, Chief, Immigrant Investor Program Office as follows:

## PRELIMINARY STATEMENT

1. This action arises from Defendants' failure to timely adjudicate Plaintiff's Forms I-956F, Application for Approval of an Investment in a Commercial Enterprise ("Form I-956F") submitted on behalf of the new commercial enterprise, EB5 United Big Sky IV, LLC (Receipt No.: INF2200000746) ("NCE").

2. The NCE was formed to raise up to $150,400,000 from up to 188 foreign investors to construct and develop Big Springs Village Phase II (the "Project") – a rural full-suite community resort located within the Yellowstone Club master-planned community, a private golf and ski community in Big Sky, Madison County, Montana.

3. As required by the EB-5 Reform and Integrity Act of 2022 ("RIA"), Plaintiff filed Form I-956F pursuant to INA 203(b)(5)(F)(i), which states that a "regional center shall file an application with the Secretary of Homeland Security for each particular investment offering through an associated new commercial

enterprise before any alien files a petition for classification under this paragraph by reason of investment in that offering." INA 204(a)(1)(H)(i).

4.     Here, Plaintiff submitted Form I-956F on behalf of the NCE on May 01, 2025, in the hopes that investors in the NCE would obtain permanent resident status in the U.S. through the employment based fifth preference "reserved" category of the Immigration and Nationality Act ("INA"), INA § 203(b)(5) – otherwise known as the EB-5 visa program.

5.     Plaintiff's I-956F petition, which was filed under the "rural" set-aside category has been pending for more than two (2) months (~78 days).

6.     Since Plaintiff's submission of Form I-956F, other similarly situated regional centers have had their I-956F petitions approved in less time.

7.     Failure to timely adjudicate Plaintiff's Forms I-956F has severely harmed Plaintiff reputationally and financially.

8.     Having received Defendants approval on the I-956F petition is a gating issue for investment consideration by immigrant investors. Having an unreasonably delayed adjudication of the Plaintiff's I-956F petition has sowed doubt and confusion among existing and prospective EB-5 investors, and the resulting market anxiety has greatly hindered Plaintiff's ability to raise funds while the Defendants arbitrary adjudication of other competing I-956F petitions has ultimately created an unfair marketplace of competition.

## PARTIES

### A. Plaintiff

9.      Plaintiff, Northern Rockies Regional Center, LLC ("Northern Rockies RC"), was established under the laws of the State of Montana in 2010. To date, Northern Rockies RC has sponsored 7 job-creating projects, raised over $675.3 million from private and immigrant investors, has been solely responsible for securing permanent residency in the U.S. for hundreds of families worldwide and has created over 18,581 full-time American jobs.

### B. Defendants

10.      Defendant, U.S. Citizenship and Immigration Services ("USCIS") is the agency responsible for adjudicating Plaintiff's I-956F petition, through its Service Centers or sub-agencies.

11.      Defendant, Joseph EDLOW, is the Director of USCIS. He is sued in his official capacity. In his capacity as Senior Official Performing the Duties of the Director, Mr. Edlow has the ultimate responsibility within USCIS for adjudicating Plaintiff's I-956F petitions.

12.      Defendant, Alissa EMMEL, is the Chief of USCIS's Immigrant Investor Program ("IPO"). She is sued in her official capacity. As Chief of the IPO, Ms. Emmel is responsible for ensuring that the agency renders a lawful decision on Plaintiff's I-956F petition.

## JURISDICTION

13.     This is a civil action brough pursuant to 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."). Jurisdiction is further conferred by 8 U.S.C. § 1329 (jurisdiction of the district courts) and 28 U.S.C. § 1331 (federal subject matter jurisdiction).

14.     Review is also warranted, and relief sought under the Administrative Procedure Act ("APA") pursuant to 5 U.S.C. § 701 et seq., § 702, § 706(1) and § 555(b).

15.     As set forth below, the delay in processing Plaintiff's properly filed I-956F petition is unreasonable.

## VENUE

16.     Venue is proper in the U.S. District Court for the District of Montana pursuant to 28 U.S.C. § 1391(b)(1)(B).

17.     Here, venue properly lies in the District of Montana because Northern Rockies' project, job creating entity, and a substantial part of the events giving rise to Plaintiff's claims occurred in this district: (1) Northern Rockies RC was established in the State of Montana and its headquarters are located in Missoula, Montana; (2) the new commercial enterprise, EB5 United Big Sky IV LLC,

principally operates in Montana; (3) the new commercial enterprise was formed to loan EB-5 investments to the job-creating entity to construct and develop Big Springs Village Phase II (the "Project") – a rural full-suite community resort located within the Yellowstone Club master-planned community, a private golf and ski community in Big Sky, Madison County, Montana; and (4) the estimated 9,533.7 jobs that are created as a result of this enterprise are all created in the State of Montana.

18.    In sum, the entire basis for Plaintiff's I-956F petition occurs in the State of Montana. Therefore, venue is proper.

### EXHAUSTION OF REMEDIES

19.    No exhaustion requirements apply to Plaintiff's complaint for a Writ of Mandamus or relief under the APA. The Plaintiff is owed a duty – the timely adjudication of its properly filed I-956F petition, which has been duly filed with USCIS. Defendants have unreasonably delayed and failed to adjudicate the Plaintiff's petition for more than 78 days. Plaintiff has no other adequate remedy available for the harm he seeks to redress – the failure of Defendants to process his application in a timely manner.

/

/

/

## V. <u>FACTUAL BACKGROUND</u>

### A.    <u>The EB-5 Immigrant Investor Program</u>

20.    USCIS administers the EB-5 Immigrant Investor Program, which was created by Congress in 1990 to stimulate the U.S. economy through job creation and capital investment by foreign investors. Under a program first enacted as a pilot in 1992 and regularly reauthorized since then, investors may also qualify for EB-5 classification by investing through regional centers designated by USCIS based on proposals for promoting economic growth.

21.    On March 15, 2022, President Biden signed the EB-5 Reform and Integrity Act ("RIA") as part of the Consolidated Appropriations Act, 2022 (Public Law 117-103), which created new requirements for the EB-5 immigrant visa category and the Regional Center Program.

22.    Amongst many things, the RIA required designated regional centers to submit a Form I-956F, Application for Approval of an Investment in a Commercial Enterprise with a filing fee of $17,795 to request approval of each particular investment offering through an associated new commercial enterprise This includes regional centers with previously "exemplar approved" commercial enterprises that expect to continue to operate and raise capital from EB-5 investors after the effective date of the RIA.

23. Lastly, the RIA required all regional centers, including Plaintiff, to pay Integrity Fund fees of $20,000 annually. To date, Plaintiff has complied and paid $20,000 each year for Fiscal Years 2023, 2024, 2025 for a total of $60,000.

24. As per INA 203(b)(5)(F)(i), a "regional center shall file an application with the Secretary of Homeland Security for each particular investment offering through an associated new commercial enterprise before any alien files a petition for classification under this paragraph by reason of investment in that offering."

25. In order for an EB-5 investor to obtain the status of a lawful permanent resident under the Immigrant Investor Program, an immigrant investor must first file an Immigrant Petition by Alien Entrepreneur on Form I-526E, which identifies the investor and describes the qualifying investment. 8 C.F.R. § 204.6(a).

26. Only upon approval of the regional center's I-956F will an EB-5 investor's I-526E petition be considered for adjudication. INA 203(b)(5)(F)(ii).

27. Lastly, in addition to allocating one-fifth of EB-5 visas to rural investments, the Reform Act also directed USCIS to "prioritize the processing and adjudication of petitions for rural areas." 8 U.S.C. § 1153(b)(5)(E)(ii)(I).

**B.**     **Plaintiff's I-956F Petitioner Under the Post-RIA EB-5 Program**

28. On May 01, 2025, Defendants received Plaintiff's submitted Form I-956F, Application for Approval of an Investment in a Commercial Enterprise with

a fully executed form and correct government filing fee of $17,795. *See* **Exhibit 1**for I-956F Receipt Notice.

29.    The I-956F petition was filed and receipted under the "rural" set aside visa.

30.    Additionally, the Form I-956F was accompanied by "EB-5 compliant" evidence showing that EB-5 investors would invest EB-5 capital for the construction and development of the Project.

31.    More than 2 months have passed (~78 days) yet Plaintiff has not received a response on the properly filed petition.

32.    During this time other non-rural projects that are not afforded priority processing have received I-956F approvals, which shows that not only do Defendants have the time and resources to adjudicate I-956F petitions expeditiously, but they are also creating an unfair marketplace by delaying Plaintiff's petition, which also qualifies for priority processing.

C. **Other Projects Sponsored by Other Regional Centers Have Been Approved by USCIS In Five Months or Less**

33.    While Defendants claim that the median time for processing the I-956F petition is 11.1 months, open-source searches show that Defendants have the resources, ability, and determination to adjudicate non-rural projects that don't even qualify for priority processing in as little as 78 days.

34.    In April 2025, Behring Regional Center submitted a Form I-956F for an infrastructure/high unemployment offering. Behring's I-956F was approved in **78 days**. *See* **Exhibit 2A**.

35.    CMB Group 98 – Hillwood Commerce 71 project was approved in **under three months (~less than 90 days)**. *See* **Exhibit 2B**.

36.    CMB Group 89 – Hillwood City Creek project boasted an I-956F approval in **39 days**. *See* **Exhibit 2B**.

37.    CMB Group 93 – Coachella Valley project was also approved in **three months (~90 days)**. *See* **Exhibit 2B**.

38.    Canam Enterprises' Waterview Residences project in a rural TEA in Dillon, Colorado, was approved in **two months and two weeks (~74 days)**. *See* **Exhibit 2C**.

39.    ALC's Marcella Landing gated townhome community in a rural TEA in Utah, **within 3 months (~within 90 days)**. *See* **Exhibit 2C**.

40.    Behring Co.'s expansion of the RISE EB-5 Fund, a collection of 14 multi-family apartment developments, in the East San Francisco Bay, was approved in **five weeks**. *See* **Exhibit 2C**.

41.    The EB-5 Reform and Integrity Act mandates priority processing for petitions associated with rural projects such as Plaintiff's. Yet, Defendants have proceeded to adjudicate I-956F petitions submitted by non-rural projects that do not

qualify for such statutory prioritization. This selective and inconsistent adjudication demonstrates that Defendants have the resources and institutional capacity to process these petitions expeditiously but are arbitrarily withholding action on Plaintiff's petition. Such inaction not only violates the statutory priority established by Congress, but also creates an unfair and distorted EB-5 marketplace that materially prejudices Plaintiff. This undue delay, absent any lawful justification, warrants mandamus relief.

### D.     Plaintiff's I-956F Delay

42.     Plaintiff's I-956F petition has now been unreasonably pending for more than 78 days while others have had their petitions approved in much less time.

43.     Despite meeting all filing requirements and providing USCIS with a total fee amounting to $95,590 (I-956F filing fee of $17,795 for the NCE, I-956 filing fee of $17,795 for regional center designation and $60,000 worth of EB-5 Integrity Fund Fees), USCIS has not issued any sort of indication as to a timeline for adjudication of the I-956F petition. Nor is there any likely relief on the horizon. This inexplicable delay continues to prejudice and harm Plaintiff and thus leaves Plaintiff with no other remedy but to file this action.

44.     There is no explanation for the blatant discrimination shown to Plaintiff.

/

### E. Unreasonable Delay in Processing Plaintiff's I-956F Petitions Will Cause Plaintiff Substantial Financial Harm

45.     Defendants' delay in adjudicating Plaintiff's I-956F petition severely prejudices Plaintiff's interests both reputationally and financially.

46.     Plaintiff submitted Form I-956F in good faith with the required fees and documentation, paid over $95,000 in fees to the Defendants, and timely responded to any and all requests from Defendants, yet Plaintiff is not accorded the same level of good faith dealing by Defendants.

47.     Instead, Defendants have delayed adjudication of Plaintiff's Form I-956F while approving others' Form I-956F in less time.

48.     As a result of Defendant's delay and discriminatory tactics, Plaintiff has suffered great financial harm.

49.     Time is of the essence because the project is over 60% complete. Absent any bridge financing to be replaced, future EB-5 investors would not gain nexus to job creating activity, which could jeopardize their permanent residency status in the U.S., and future EB-5 investors would not be able to subscribe, all resulting in substantial financial damage due to Defendants' continuing and unreasonable delay.

**F. Unreasonable Delay in Processing Plaintiff's I-956F Petition Has Created a Discriminatory EB-5 Market**

50.     According to 8 U.S.C. § 1571(b), "[i]t is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application."

51.     As shown above and in Exhibit 2, Defendants have adjudicated rural-associated I-956F petitions in 78 days or less.

52.     The delay in the adjudication of Plaintiff's I-956F petitions has delayed Plaintiff's ability to raise EB-5 capital as investors are naturally attracted to those projects that have received USCIS' "stamp of approval."

53.     Prospective investors have selected competing projects over the Plaintiff's for the sole reason that these projects have received I-956F approval and subsequent I-526E approvals (which can only be provided after I-956F approval).

54.     Lacking I-956F approval and snail-paced timing of adjudications is weaponized by industry competitors as a direct flaw and weakness to Plaintiff's EB-5 investment offering.

55.     I-956F approvals handed out by Defendants to competitors in significantly less time than Plaintiff, have resulted in equally quick individual investor I-526E approvals and has created an unsurprising race where competitors are given a head start and others such as Plaintiff are held back at the starting line.

56.    As discussed above, individual investor I-526E petitions cannot be adjudicated without a prior I-956F approval. Until the I-526E is adjudicated, investors cannot become eligible for permanent residency – the ultimate goal. This sequence and process of first needing to complete prerequisite requirement makes the damage caused by delaying the I-956F adjudication compound and cascade to the eventual investor I-526E's.

57.    In the marketplace, investors are routinely told that their file will lay dormant forever until the I-956F is approved. As such, investors are rightfully concerned about a snowball effect that impacts their entire immigration future and ability to secure permanent residence in the U.S.

58.    Lastly, as per the RIA, the program only has reauthorization for 5 years starting March 15, 2022 and grandfathering provisions expire after only 4 years effectively reducing the program's viability to just 4 years. Almost 3 years have already passed representing the opportunity having lost nearly 50% of its overall potential validity period. Given that investors cannot secure the ultimate goal of permanent residency until I-956F petitions have been adjudicated, there is warranted concern by the EB-5 investment community that picking a project lacking USCIS I-956F approval may subject them to heightened risk due to no fault of their own, and the program may even expire without ever having any certainty at all.

59.    As a result, investors are being forced to pick between institutional-quality assets or projects with USCIS approval and the promise of faster I-526E adjudication, faster green card, avoidance of child-age out, and potential faster path to citizenship regardless of the quality or the risks of the underlying EB-5 project.

**G. Increase in EB-5 Filing Fees Resulted in Taking Significant Revenue While Not Delivering Services**

60.    USCIS is primarily a fee supported agency, and not an appropriation supported agency.

61.    On information and belief, USCIS, through DHS, is permitted to set filing fees for the applications and petitions it adjudicates, including the I-956F petition.

62.    On January 31, 2024, USCIS published its increased filing fee schedule.

63.    Filing fees for almost all types of benefit applications and petitions it adjudicates, including the I-956F.

64.    The I-956F filing fee increased from $17,795 to $47,695, which is an astronomical increase of 168%. *See* Federal Register at https://www.federalregister.gov/documents/2024/01/31/2024-01427/us-citizenship-and-immigration-services-fee-schedule-and-changes-to-certain-other-immigration.

65.    On January 4, 2023, USCIS (through DHS) first issued a Notice of Proposed Rulemaking ("NPRM"), in which it initially proposed fee increases for almost all applications, including the I-956F.

66.    In the NPRM, USCIS did not state the average number of employees or hours that it takes to process the I-956F. However, the NPRM states that average number of hours that it takes to complete the Form I-924 (Pre-RIA for I-956F equivalent) was 40.0 hours.

67.    Here, Defendants have blown past 40 hours while also increasing the fees.

## CLAIMS

### Count I: Mandamus for Failure of Defendants to Lawfully Adjudicate Plaintiff's I-956F Petition

68.    Plaintiff hereby incorporates by reference as if set forth in full and at length herein paragraphs 1 through 67 of this Complaint.

69.    A mandamus plaintiff must demonstrate that: (1) he or she has a clear right to the relief requested; (2) the defendant has a clear duty to perform the act in question; and (3) no other adequate remedy is available. *See Iddir v. INS,* 301 F.3d 492, 499 (7th Cir. 2002).

70.    Plaintiff has fully complied with all filing requirements for submitting Form I-956F, including paying the appropriate fees.

71.     Defendants have a duty to administer and enforce the Immigration and Nationality Act. *See* INA § 103, 8 U.S.C. § 1103 (regarding the duties of the Secretary of Homeland Security). Accordingly, Defendants have the responsibility to timely adjudicate Plaintiff's I-956F petition within a reasonable period of time. *See* 8 U.S.C. § 1571(b).

72.     At the time of I-956F submission under the rural category, Plaintiff's Form I-956F should have been adjudicated in 78 days or less, yet Plaintiff's I-956F petition remains pending.

73.     In other rural and non-rural projects, Defendants have adjudicated I-956F petitions in 78 days or less. Defendants have failed to supply any reason for the disparate treatment accorded Plaintiff's petition. Moreover, USCIS has had ample opportunity to request and review evidence regarding the project. However, Plaintiff has not received any further notice or request from USCIS regarding the I-956F petitions.

74.     The duty owed to Plaintiff is ministerial. Defendants have collected fees from Plaintiff to timely process and adjudicate the I-956F petition, yet over 78 days have passed since submission, and Defendants have yet to issue any decision on the petition. Moreover, Defendants' breach of duty has no foreseeable conclusion, but rather could continue for many years into the future.

75.     Consequently, Plaintiff seeks to compel Defendants to make a decision on the long-pending I-956F petition without further unreasonable delay. The relief sought is not discretionary, but mandatory. *See* 8 U.S.C. §1153(b)(5)(A) Plaintiff does not have any alternative means to obtain a decision on the I-956F petition and the right to issuance of the writ is "clear and indisputable." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988); *see also Matter of Sealed Case,* 151 F.3d at 1063 (holding that mandamus is an appropriate remedy whenever a party demonstrates a clear right to have an action performed by a government official who refuses to act and that no other adequate means to attain relief exist).

76.     Plaintiff has met all filing requirements for the I-956F petitions. Plaintiff filed in a timely manner and paid the appropriate fees. Nonetheless, due to the continued delay of Defendants, Plaintiff has had to wait over 78 days and counting for a decision on the I-956F petitions much to the financial and reputational harm to the Plaintiff while other similarly situated projects have already received approvals in less time. Such an unreasonable and unexplained delay should be promptly remedied by this Court.

77.     As all administrative remedies have now been exhausted, and Plaintiff is suffering a continued harm due to Defendants' persistent delay, there exists no other adequate remedy than the filing of this action. Accordingly, Plaintiff

respectfully urge this Court to assume jurisdiction and compel Defendants and those acting under them to render a decision on Plaintiff's I-956F petition.

78.    Because Plaintiff has a clear and certain claim, Defendants have a clear ministerial duty to timely adjudicate the I-956F petition, and there is no other remedy available, Plaintiff is entitled to mandamus relief under 28 U.S.C. § 1361.

## Count II: Violation of the Administrative Procedure Act for Failure of Defendants to Adjudicate Plaintiff's I-956F Petition

79.    Plaintiff hereby incorporates by reference as if set forth in full and at length herein paragraphs 1 through 68 of this Complaint.

80.    Pursuant to the Administrative Procedure Act, a reviewing court shall "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

81.    Defendants have an obligation to adjudicate Plaintiff's I-956F petitions within a reasonable time of submission. While there is not a specific deadline in which to adjudicate I-956F petitions, Defendants have shown that they have the ability to process I-956F petitions in 78 days or less.

82.    Defendants' failure to comply with statutorily-mandated action constitutes unlawfully withheld agency action that has resulted in direct hardship to Plaintiff.

### Count III: Declaratory Judgment

83.     Plaintiff hereby incorporates by reference as if set forth in full and at length herein paragraphs 1 through 68 of this Complaint.

84.     Plaintiff asserts that the Defendants' actions and failures to act by refusing to adjudicate the I-956F petition in a timely manner violate the Administrative Procedure Act, the INA and its companion regulations. As such, Plaintiff seek a declaration to that effect under 28 U.S.C. § 2201.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request this Court enter judgment on his behalf and:

a.     Issue a writ of mandamus and/or an order under the APA requiring that the Defendants and their agents adjudicate Plaintiff's I-956F petition within the next 30 days;

b.     Declare that Defendants' delay in adjudicating Plaintiff's I-526E petition is in violation of 28 U.S.C. § 1361 (mandamus); 5 U.S.C. § 706(1) (unreasonable delay); and the Immigration and Nationality Act and its corresponding regulations, including 8 U.S.C. § 1571(b);

c.     Award Plaintiff his attorneys' fees, costs, and expenses as applicable; and

d.     Grant such other relief as the Court deems just, equitable, and proper.

Dated: August 27, 2025                    Respectfully submitted,


                                          **/s/Christopher Flann**
                                          Christopher J. Flann, Esq
                                          (State Bar No.: 4456)

                                          IMMIGRATION LAW OF MONTANA,
                                          P.C.
                                          8400 Clark Road
                                          Shepherd, MT 59079
                                          Tel. No: (406) 373-9828
                                          Email: flann@ilomt.com
                                          *Attorney for Plaintiff*


                                          **/s/ Niralkumar Patel\***
                                          Niralkumar Patel, Esq.
                                          (State Bar No.: 316815)

                                          KLDP LLP
                                          250 W 34th Street, Floor 3
                                          New York, NY 10119
                                          Tel. No. (951) 310-2244
                                          Email: npatel@kldpllp.com
                                          *Attorney for Plaintiff*


\* Application for admission pro hac vice forthcoming